| | |
|---|---|
| **CHRISTOPHER GURBA**, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   Civ. A. No. 19-2910 (CJN) |
| | ) |
| **RICHARD V. SPENCER, SECRETARY,** | ) |
| **U.S. DEP'T OF THE NAVY,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Richard V. Spencer, Secretary, U.S. Department of the Navy, by and through undersigned counsel, moves to dismiss pursuant to Rule 12(b)(3) or, in the alternative, to transfer venue under 28 U.S.C. §§ 1404 and 1406(a). The grounds for this motion are set forth more fully in the attached memorandum of points and authorities. A proposed order is attached hereto.

In the event that this motion is denied, Defendant requests that his Answer be due 14 days from the denial of the motion.

Dated: January 24, 2020                        Respectfully submitted,

                                                      Respectfully submitted,
                                                      JESSIE K. LIU, D.C. Bar # 472845
                                                      United States Attorney for the District of Columbia

                                                      DANIEL F. VAN HORN, D.C. Bar # 924092
                                                      Chief, Civil Division

                                        By:  */s/ John Moustakas*
                                                      John Moustakas, D.C. Bar #442076
                                                      Assistant United States Attorney
                                                      555 Fourth Street, N.W.
                                                      Washington, D.C. 20530
                                                      (202) 252-2518 | john.moustakas@usdoj.gov
                                                      *Counsel for Defendant*

## **Local Civil Rule 7(m) Certification**

Undersigned counsel has attempted to confer with Plaintiff's counsel via email seeking Plaintiff's position as to the alternative relief being sought in this motion (*i.e.* transfer of venue). Undersigned counsel, however, has not received a response as of the time of this filing.

By: */s/ John Moustakas*
John Moustakas, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518 | john.moustakas@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER GURBA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 19-2910 (CJN) |
| | ) |
| **RICHARD V. SPENCER, SECRETARY,** | ) |
| **U.S. DEP'T OF THE NAVY,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Richard V. Spencer, Secretary, U.S. Department of the Navy, by and through undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion to dismiss or, in the alternative, to transfer venue. Because all, or nearly all of the employment practices challenged in this action occurred in New Orleans, Louisiana, venue is improper in the District of Columbia, and the therefore the case should either be dismissed or it should be transferred to the Easter District of Louisiana pursuant to 28 U.S.C. §§ 1404 and 1406(a).

## STATEMENT OF FACTS

In his Complaint (ECF No. 1), Plaintiff Christopher Gurba, a resident of Harvey, Louisiana, alleges that the U.S. Department of the Navy ("Navy") discriminated against him on the basis of his race and retaliated against him for engaging in protected EEO activity. Compl. at ¶¶ 1, 2, 44-51. At all relevant times, Plaintiff was employed as a Supervisory Police Officer, GS-0083-08 for Commander, Navy Region Southeast, Security Department, Naval Air Station Joint Reserve Base in New Orleans, LA ("NASJRBNOLA"). *Id.* at ¶ 15. See also Declaration of Bobby D. Brown at ¶ 3a (hereinafter "Brown Decl."), attached hereto as Exhibit 1. That was Plaintiff's sole official

duty station, and it is where the Complaint alleges that he suffered discrimination and retaliation. *See generally* Compl. See also Brown Decl. at ¶ 3b (Ex. 1). Plaintiff now brings suit in the District of Columbia for claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

## LEGAL STANDARDS

"Under Federal Rule of Civil Procedure 12(b)(3), a defendant may, at the lawsuit's outset, test whether the plaintiff 'has brought the case in a venue that the law deems appropriate.'" *See Black v. City of Newark*, 535 F. Supp. 2d 163, 166 (D.D.C. 2008) (citing *Modaressi v. Vedadi*, 441 F.Supp.2d 51, 53 (D.D.C. 2006). The D.C. Circuit has cautioned that "[c]ourts in this circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). "[Rule] 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *See Hamilton v. Paulson*, No. 07-1365, 2008 WL 4531781, at *2 (D.D.C. October 10, 2008) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Black*, 535 F. Supp. 2d at 166 (citing *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (additional citations omitted)). In doing so, a plaintiff must demonstrate "proper venue with respect to each cause of action." *Lamont v. Haig*, 590 F.2d 1124, 1135 (D.C. Cir. 1978). The Court ordinarily "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F.Supp.2d 14, 17 (D.D.C.2008) (citing *Darby v. U.S. Dep't of*

*Energy*, 231 F.Supp.2d 274, 276–77 (D.D.C.2002)). The Court need not, however, accept the plaintiff's legal conclusions as true, *Darby*, 231 F.Supp.2d at 277, and may consider material outside of the pleadings. *Artis v. Greenspan*, 223 F.Supp.2d 149, 152 (D.D.C. 2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947)).

## ARGUMENT

### The District of Columbia is Not The Proper Venue For Plaintiff's Title VII Claim

Venue for Plaintiff's Title VII claim is improper in this District because the alleged unlawful employment practices were committed in New Orleans, Louisiana – located in the federal Eastern District of Louisiana. Plaintiff was employed in the Eastern District of Louisiana at all relevant times, the employment actions complained of occurred in the Eastern District of Louisiana and the relevant employment records are located in the Eastern District of Louisiana. See Brown Decl. at ¶ 3a – c (Ex. 1). And, had Plaintiff's employment not been terminatioend, he would have worked in the Eastern District of Louisiana. *Id.* at ¶ 3d.

In cases arising under Title VII, venue must be determined according to a special venue provision, 42 U.S.C. § 2000e-(5)(f)(3). *See Daniels v. Wilkie*, No. Civ A. No. 17-1543 (RC), 2018 WL 2324085, at *3 (D.D.C. May 22, 2018). It provides, in relevant part, that actions may be brought in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practices are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). The statute further provides that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent

has his principal office." 42 U.S.C. § 2000e-5(f)(3).[1] As courts have frequently observed, "[t]his provision indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 12 (D.D.C. 2009) (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969)). "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e–5(f)(3), venue is improper." *Id.* (citing 42 U.S.C. § 2000e–5(f)(3); *Washington v. Gen. Elec. Corp.*, 686 F.Supp. 361, 363 (D.D.C.1988)).

When assessing the district implicated under the statute's three prongs, courts engage in a "'commonsense appraisal' of events having operative significance." *Darby*, 231 F. Supp. 2d at 277 (quoting *Lamont*, 590 F.2d at 1134); *Donnell v. Nat'l Guard Bureau*, 568 F.Supp. 93, 94 (D.D.C.1983) (citation omitted) ("Venue determinations of where a claim arose are based on a 'commonsense appraisal' of events . . . Title VII determinations of the locus of disputed employment practices should be examined in a similar vein."). In this case, that common sense appraisal leads to the inescapable conclusion that venue is improper in this District.

Under the first basis for venue—the location where the unlawful employment practice is alleged to have been committed—"a court 'must look to the place where the decisions and actions concerning the employment practices occurred,'" *Walden v. Locke*, 629 F.Supp.2d 11, 14 (D.D.C. 2009) (quoting Ifill, 2006 WL 3349549 at *2), and venue will be deemed to lie "where a 'substantial part' of the decisions or actions related to the practice occurred." *Kendrick v. Potter*, No. 06-122, 2007 WL 2071670, at *2 (D.D.C. July 16, 2007). Here, the Complaint makes evident

---

[1] Because the Navy is present and may be sued within the Eastern District of Louisiana, this alternative provision extending venue to where it maintains its principal office is not triggered. *Cf. Slaby v. Holder*, 901 F. Supp. 2d 129, 134 (D.D.C. 2012) ("By its plain terms, this fourth residual basis for jurisdiction is only available when the defendant cannot be found within any of the districts provided for by the first three bases."). But, even if it were, venue in the District of Columbia would be improper: the Secretary of the Navy maintains its principal office at the Pentagon, in Arlington, Virginia – in the federal Eastern District of Virginia – not in the District of Columbia. See Brown Decl. at ¶ 3e.

that all, or virtually all, of the alleged actions and decisions at issue in this case occurred in New Orleans, LA, where Plaintiff worked at all times relevant to his Complaint. *See e.g.*, Compl. ¶¶ 1, 15. See also Brown Decl. at ¶ 3a (Ex. 1). Plaintiff contends that Defendant discriminated and retaliated against him, as detailed in his Complaint at ¶¶18-43. At the heart of each claim are the actions and decisions allegedly taken by various supervisors in New Orleans, Louisiana. *See e.g.*, Compl. ¶¶ 18-19, 23, 25-28, 31, 33-43. Because a "substantial part" of the employment decisions occurred in New Orleans, Louisiana, the first prong of the venue statute does not authorize suit in this District.

The other possible bases for venue are similarly unavailing. Under the second basis of the venue statute, venue is proper in the one place "where the complete master set of [a plaintiff's] relevant employment records are maintained and administered, not merely where any records happen to be located." *Kendrick*, 2007 WL 2071670 at *3. "Declarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered." *Id.* Here, the records relevant to Plaintiff's claims are maintained and administered in the Eastern District of Louisiana. *See* Brown Decl. at ¶ 3c (Ex. 1). And, finally, venue does not lie in the District of Columbia under the third prong of the venue statute because Plaintiff "makes no allegations that [he] would have worked in this [D]istrict but for the alleged unlawful employment practices." *Walden*, 629 F.Supp.2d at 14; *see also Hamilton v. TSA*, 263 F. Supp. 3d 317, 320 (D.D.C. 2016); *Ellis*, 2015 WL 9272835 at 2.

When an action is filed in the wrong district, as it is here, the district court "shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Hamilton*, 2008 WL 4531781, at *3 (citing *Pendleton*, 552 F.Supp.2d at 17 (quoting 28 U.S.C. § 1406(a)). Thus, this Court should either dismiss this

case or transfer it to the United States District Court for the Eastern District of Louisiana.[2] *See* 28 U.S.C. § 1406(a) (a court "shall dismiss, or if it be in the interest of justice, transfer such case" to a proper venue). To reach any other conclusion effectively would mean that all employment discrimination suits against the government could be brought in the District of Columbia merely because the offices of most government agencies are here. As the statutory language makes plain, that is not what Congress intended. *See* 42 U.S.C. § 2000e-5(f)(3); *Stebbins*, 413 F.2d at 1102.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint or, in the alternative, transfer this matter to the United States District Court for the Eastern District of Louisiana.

Dated: January 24, 2020           Respectfully submitted,

                                       JESSIE K. LIU, D.C. Bar. No. 472845
                                       United States Attorney

                                       DANIEL F. VAN HORN, D.C. Bar No. 924092
                                       Chief, Civil Division

                               By: */s/ John Moustakas*
                                       John Moustakas, D.C. Bar #442076
                                       Assistant United States Attorney
                                       555 Fourth Street, N.W.
                                       Washington, D.C. 20530
                                       (202) 252-2518
                                       john.moustakas@usdoj.gov
                                       *Counsel for Defendant*

---

[2] The decision whether a transfer or a dismissal is in the interest of justice rests within the sound discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Piper Aircraft v. Reyno*, 454 U.S. 235, 257 (1981); *Naartex Consulting Corp. v. Wyatt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984. The district court has the same discretion to dismiss, rather than transfer, in employment cases, but "[g]enerally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them." *Hamilton*, 2008 WL 4531781, at *3 (citing *James*, 227 F. Supp. 2d at 20); *Washington*, 686 F. Supp. at 362.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCISCO DEL POZO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 18-2670 (CRC) |
| SONNY PERDUE, Secretary, U.S. Department of Agriculture, | ) |
| Defendant. | ) |

## **[PROPOSED] ORDER**

Upon Consideration of Defendant's Motion to Dismiss or, In The Alternative, To Transfer Venue (the "Motion"), the supporting memorandum of points and authorities, Plaintiff's response thereto, if any, and the entire record herein, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED.

It is SO ORDERED this ___ day of _____, 2019.

_____
CHRISTOPHER R. COOPER
United States District Judge