UNITED STATES DIRSTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER GURBA**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**RICHARD V. SPENCER,**  )<br>**SECRETARY,**  )<br>**U.S. DEP'T OF THE NAVY**  )<br>)<br>**Defendant.**  )<br>                                           ) | Civ. A. No. 19-2910 (CJN) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND CONSENT TO TRANSFER VENUE

Plaintiff, Christopher Gurba, by and through his undersigned counsel, hereby submits his Opposition to Defendant's Motion to Dismiss and Consent to Transfer Venue.

Defendant's Motion to Dismiss pursuant to Rule (12)(b)(3) should be denied. Under 28 U.S.C. § 1406(a), "if a court finds that venue is improper, the court may 'dismiss, or if it be in the interest of justice, transfer' the case to a proper venue." *McLaughlin v. Holder*, 864 F. Supp. 2d 134, 137 (D.D.C. 2012) (quoting 28 U.S.C. § 1406(a)). Whether to transfer a case in the interest of justice generally rests within the sound discretion of the court. *James v. Booz-Allen & Hamilton, Inc.,* 227 F. Supp. 2d 16, 25 (D.D.C. 2002). Importantly, "the interest of justice generally *requires* transferring a case to the appropriate district in lieu of dismissal." *Parker v. Sebelius*, 51 F. Supp. 3d 173, 176 (D.D.C. 2014) (citing *Goldlawr, Inc. v. Heiman*, 396 U.S. 463, 466-67 (1962)) (emphasis added). This Court has routinely transferred Title VII cases to other jurisdictions in lieu of dismissal when a plaintiff fails to carry his burden to demonstrate proper venue. *See id*.; *Elbron*

*v. Dep't of the Army*, 766 F. Supp. 2d 54, 58 (D.D.C. 2011); *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009); *McLaughlin*, 864 F. Supp. 2d at 140; *James*, 227 F. Supp. 2d at 25.

Here, the interest of justice similarly requires the transfer of Plaintiff's case. Given the sworn declaration of Mr. Brown stating that the employment records are located in the Eastern District of Louisiana, Plaintiff consents to the transfer of his case to the United States District Court for the Eastern District of Louisiana. *See* ECF, No. 4-1. Defendant will not be inconvenienced in litigating this case at such venue. However, if Plaintiff's case were dismissed, Plaintiff would be severely prejudiced; in fact, Plaintiff would be wholly deprived of litigating his claims against Defendant and having his day in court.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and instead transfer this matter to the United States District Court for the Eastern District of Louisiana.

Date: February 6, 2020                                              Respectfully submitted,


                                                By: /s/ Matthew Estes
Matthew Estes (DC Bar No. 989814)
**ALAN LESCHT & ASSOCIATES, PC**
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
Tel: (202) 463-6036
Fax: (202) 463-6067
matthew.estes@leschtlaw.com
*Counsel for Plaintiff*

## UNITED STATES DIRSTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER GURBA**           ) <br> ) <br> **Plaintiff,**           ) <br> ) <br> **v.**           ) <br> ) <br> **RICHARD V. SPENCER,**           ) <br> **SECRETARY,**           ) <br> **U.S. DEP'T OF THE NAVY**           ) <br> ) <br> **Defendant.**           ) <br> ) | Civ. A. No. 19-2910 (CJN) |

### (PROPOSED) ORDER

Upon consideration of Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue, Plaintiff's Opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED; and it is further

ORDERED that Plaintiff's case be transferred to the United States District Court for the Eastern District of Louisiana.

IT IS SO ORDERED

_____
The Honorable Carl J. Nichols
United States District Judge

3